**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EARNESTINE MURPHY** | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE** |
| **Plaintiff,** | ) | **NO.:** |
| | ) | |
| **v.** | ) | **FAIR LABOR STANDARDS ACT** |
| | ) | |
| **PRINTING AND IMAGING** | ) | |
| **ASSOCIATION  OF GEORGIA** | ) | |
| **PAC, INC.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COME NOW, the Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") on behalf of herself and others similarly situated for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

- 1 -

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

3.

At all times material to this complaint, Plaintiff and others similarly situated engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 203(j).

4.

The additional persons that may become Plaintiffs in this action are Defendants' current and/or former employees that are/were non-exempt and who during one or more work weeks in the three year statute of limitations period were not paid time and a half wages for all hours they worked in excess of forty (40) in a work week.

PARTIES

5.

Plaintiff was the Lead Customer Service Representative who was denied overtime compensation during the terms of her employment.

6.

Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).

7.

Defendant Printing and Imaging Association of Georgia PAC, Inc., hereinafter PIAG is a corporation formed under the laws of the State of Georgia which provides insurance, various printing, imaging and technological services throughout the metropolitan Atlanta area.   Defendant may be served with process through its registered agent, Randolph W. Camp, 520 Highlands Parkway, Smyrna, Georgia 30082.

8.

Defendant is an employer and/or joint-employers within the meaning of FLSA § 203(d) and are not an exempt employer under the Act.

9.

Defendant, James Villanueva and Patsy Baugus, were supervisors and/or officers for PIAG who were acting in the interests of PIAG when they set the terms

and conditions of employment for the Plaintiff, including the decision not to pay her overtime.

10.

By not paying overtime, Defendant was able to personally profit more from their ownership of PIAG and pay themselves a greater profit, salary and/or benefits.

11.

Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce. At all times material to this complaint Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

12.

The named Plaintiff was authorized to bring this action on behalf of others similarly situated past and present employees. The written authorizations of such employees have been collectively filed in this action, and are incorporated by this reference as if attached.  Each authorization expressly consents to this suit and grants this Court the authority to adjudicate each individual's claim.  Said

authorizations may from time to time be supplemented as other similarly situated individuals "opt-in" to this litigation, pursuant to 29 U.S.C. §216(b).

FACTUAL ALLEGATIONS

13.

Upon information and belief, Defendant has in the past and currently employs over 50 employees in the metropolitan Atlanta area.

14.

Plaintiff and the members of the class they seek to represent are employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

15.

As a customer service representative, Plaintiff's duties included talking with customers regarding property and auto insurance policies, responsible for renewal of policies and terminating policies and also responsible for contacting carriers to work out outstanding balances for customers if needed.

16.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

17.

At all times relevant to this case, the Plaintiff did not possess the authority to hire or terminate employees.

18.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

19.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities they performed.

20.

At all times relevant to this action, the Plaintiff was required to work a specific schedule and had to clock in and out of work.

21.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

22.

Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

23.

Defendant is liable to Plaintiff and all members of the putative opt-in class for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## Count I

### (CLAIM FOR RELIEF UNDER FLSA § 207)

24.

The above facts support Plaintiff's claim for relief under the FLSA.

25.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount

equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. §216.

26.

Plaintiff has been denied various wages, benefits, and workplace opportunities by the Defendant so that she is entitled to back pay, front pay overtime, as well as both compensatory and punitive damages to deter the Defendant from repeating such conduct in the future.

WHEREFORE, the Plaintiff requests this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendant's employees, past and present, who elect to participate in this action by filing proper written notice with the Court;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e)     Award to Plaintiff all of her back pay, front pay, as well as both compensatory

and punitive damages.

(f)     Issue a declaratory judgment due to Defendant failing to comply with the

requirements of the FLSA;

(g)     Award Plaintiff her attorney's fees and costs; and

(h)     Award any other such further relief this Court deems just, equitable and

proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 4th day of April, 2014

**PANKEY & HORLOCK, LLC**


By:     /s/Larry A. Pankey
        Larry A. Pankey
        Georgia Bar No. 560725
        Attorneys for Plaintiff



4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia   30341-1055
Phone 770-670-6250
Fax       770-670-6249